UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER TORRES JR. and on behalf for A.P.F.T. (MINOR),<br><br>Plaintiff,<br><br>v.<br><br>BRADLEY HUDSON, County Executive for Sacramento County, et al.,<br><br>Defendants. | No.  2:13-cv-1669-KJM-EFB PS<br><br><br><u>ORDER</u> |

  This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).  Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. 1915.  His declaration makes the showing required by 28 U.S.C. §1915(a)(1) and (2).  *See* ECF No. 2.  Accordingly, the request to proceed *in forma pauperis* is granted.  28 U.S.C. § 1915(a).

  Determining that plaintiff may proceed *in forma pauperis* does not complete the required inquiry.  Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

  Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, must be dismissed for failure to state a claim if it

1

fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); see also Fed. R. Civ. P. 12(b)(6).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.  Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*. (citations omitted).  Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Under this standard the court must accept as true the allegations of the complaint, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively.  Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962).  To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000.  28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987).  A case presumably lies outside the jurisdiction

of the federal courts unless demonstrated otherwise. *Kokkonen*, 511 U.S. at 376-78. Lack of subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

Plaintiffs' complaint is brought under 42 U.S.C. § 1983 and 42 U.S.C. § 1985, against Sacramento County Department of Health and Human Services; Sacramento County Sheriff's Department; Rancho Cordova Police Department; Bradley Hudson, County Executive Officer for County of Sacramento; Ann Edwards, Chief Deputy for the County Executive Office for the County of Sacramento; Sherri Heller, Department Director for Sacramento County Health and Human Services; Michell Callejas, Director of Sacramento County Health and Human Services, Division of Child Protective Services ("CPS"); Bernice Walton, Manager at CPS; Olivia Kasirye, M.D., CPS employee; Patrice Megan, CPS employee; Mr. Klopp, Program Manager for CPS; Leslie Olson, CPS supervisor; Laura Dunkelberger, social worker with CPS; and Morag Baired, social worker with CSP. ECF No. 1 at 5-15.

The complaint alleges that plaintiff Torres is the grandfather of plaintiff A.P.F.T., a minor child (hereinafter the "child"). *Id*. at 3. At the time of the dispute at issue, the child's biological mother was 17 years old and living in foster care, and Torres was the custodian providing care for the child. *Id*. at 4, 16. On February 16, 2012, the child's biological mother was staying at her biological parents' home after leaving her foster home. *Id*. at 17. On that date, CPS regained custody of the child's mother and then proceeded to visit Torres' home. CPS arrived with police officers from the Rancho Cordova Police Department, which is contracted to provide services through the Sacramento County Sheriff's Department, and removed the child from Torres' home. *Id*. at 15. Plaintiffs contend that the police and CPS used threats of arresting Torres to gain entry to the home and to remove the child. *Id*. Plaintiffs claim the child was removed by police officers and CPS in violation of the Due Process Clause and Equal Protection Clause. *Id*. at 15-16. Plaintiffs further allege that CPS filed a fraudulent report with the California State Court to make it appear as if CPS removed the child from the mother's custody, when the child was actually under the care of Torres. *Id*. at 17-18.

/////

The complaint fails to allege any viable federal claims.  As an initial matter, plaintiff Peter Torres, Jr. attempts to bring this suit on his own behalf and on behalf of his minor grandson, A.P.F.T.  While Torres may represent himself in this action, he is not permitted to bring an action on behalf of the minor child without first retaining an attorney.  *See Johns v. Cnty. of San Diego*, 114 F.3d 874, (holding that a non-attorney guardian or parent may not bring an action on behalf of a minor child without retaining an attorney).  Should Torres wish to proceed on his grandson's behalf, he must retain an attorney.

Plaintiffs' § 1983 claim against CPS, Sacramento Sheriff's Department, and the Rancho Cordova Police department appear to be based on plaintiffs' contention that employees from these agencies improperly removed the child from Torres' care.  "Municipalities and other local government units . . . [are] among those persons to whom § 1983 applies."  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978).  However, a municipal entity or its departments, is liable under § 1983 only if plaintiff shows that his constitutional injury was caused by employees acting pursuant to the municipality's policy or custom.  *See Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 964 (9th Cir. 2008) (citing 436 U.S. at 690-94).  "[A]n act performed pursuant to a 'custom' that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law."  *Board of Cty. Comm'rs. of Bryan Cty. v. Brown*, 520 U.S. 397, 404 (1997).  A local governmental entity may also be liable if it has a "policy of inaction and such inaction amounts to a failure to protect constitutional rights."  *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir.1992) (citing *City of Canton v. Harris*, 489 U.S. 378 (1989)); *see also Monell*, 436 U.S. at 690-91.  The custom or policy of inaction, however, must be the result of a "conscious," *City of Canton*, 489 U.S. at 389, or "'deliberate choice to follow a course of action . . . made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.'"  *Oviatt*, 954 F.2d at 1477 (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483-84 (1986) (plurality opinion)).

Plaintiffs allege that CPS, the Sacramento Sheriff's Department and the Rancho Cordova Police Department's "customs and/or policies were the moving force behind the unconstitutional

4

act of its agents" and officers. ECF No. 1 at 6, 14-15. These vague and conclusory allegations, without more, raise no more than a speculative right to relief. Accordingly, plaintiffs' § 1983 claims against CPS, the Sacramento Sheriff's Department and the Rancho Cordova Police Department must be dismissed.

Plaintiffs' § 1983 claims against the remaining defendants, which are based on the allegation that CPS and the Rancho Cordova Police Department unlawfully removed the child, fail because plaintiffs have not alleged that each of the remaining defendants personally participated in the deprivation of plaintiffs' constitutional rights. An individual cannot be held liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). Because respondeat superior liability is inapplicable to § 1983 suits, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id*. Plaintiffs may not hold defendants Hudson, Edwards, Heller, Callejas, Walton, Kasirye, Megan, Klopp, Olson, Dunkelberger, and Baired liable for the alleged unlawful removal of the child, as there are no allegations that any of them personally participated in that violation and there is no respondeat superior liability under section 1983. Thus, under the *Twombly* standard, plaintiffs' conclusory allegation that these defendants deprived plaintiffs of their constitutional rights when acting in concert with other local officials fails to state a claim upon which relief may be granted.

Further, plaintiffs' general claims that defendants engaged in a conspiracy of wrongful conduct to interfere with plaintiffs' civil rights, in violation of §§ 1983 and 1985, are insufficient to state a claim for relief. Conspiracy under § 1983 requires proof of " 'an agreement or meeting of the minds to violate constitutional rights,'" *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2001) (quoting *United Steel Workers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540–41 (9th Cir. 1989) (citation omitted)), and "'an actual deprivation of constitutional rights,'" *Hart v. Parks*, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting *Woodrum v. Woodward County, Okla.*, 866 F.2d 1121, 1126 (9th Cir. 1989)). While it is not necessary to prove each participant in a conspiracy know

the exact parameters of the plan, they must at least share a general conspiratorial objective. *Woodrum*, 866 F.2d at 1126; *Fonda v. Gray*, 707 F.2d 435, 438 (9th Cir. 1983); *Franklin*, 312 F.3d at 441 (each participant must at least share the common objective of the conspiracy) (quoting *United Steel Workers*, 865 F.2d at 1541)). Vague and conclusory allegations with no supporting factual averments are insufficient to support a claim under § 1983. *Woodrum*, 866 F.2d at 1126; *Aldabe v. Aldabe*, 616 F.2d 1089, 1090 (9th Cir. 1980); *Lockry v. Kayfetz*, 587 F. Supp. 631, 639 (N.D. Cal. 1984) (allegations of conspiracy must be supported by material facts, not merely conclusory statements).

Additionally, the allegations in the complaint are insufficient to support plaintiffs' claim under § 1985(3). Section 1985(3) creates a civil action for damages caused by two or more persons who "conspire . . . for the purpose of depriving" the injured person of "the equal protection of the laws, or of equal privileges and immunities under the laws" and take or cause to be taken "any act in furtherance of the object of such conspiracy." 42 U.S.C. § 1985(3); *see also* § 1985(1) (creating a civil action for preventing an officer from performing his or her duties); § 1985(2) (creating a civil action for obstructing justice or intimidating a party, witness, or juror). The elements of a § 1985(3) claim are: (1) the existence of a conspiracy to deprive the plaintiff of the equal protection of the laws; (2) an act in furtherance of the conspiracy; and (3) a resulting injury. *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1141 (9th Cir. 2000) (citing *Scott v. Ross*, 140 F.3d 1275, 1284 (9th Cir. 1998)). The first element requires that there be some racial or otherwise class-based "invidious discriminatory animus" for the conspiracy. *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 268–69 (1993); *Trerice v. Pedersen*, 769 F.2d 1398, 1402 (9th Cir. 1985). Moreover, a plaintiff cannot state a conspiracy claim under § 1985 in the absence of a claim for deprivation of rights under 42 U.S.C. § 1983. *See Caldeira v. Cnty. of Kauai*, 866 F.2d 1175, 1182 (9th Cir.1989) (holding that "the absence of a section 1983 deprivation of rights precludes a section 1985 conspiracy claim predicated on the same allegations"), cert. denied, 493 U.S. 817 (1989).

Plaintiffs have not adequately alleged any deprivation of their constitutional rights, nor have they alleged that there was any agreement or "meeting of the minds" by the defendants to

deprive plaintiffs of their rights. There are also no allegations of any racial or class-based discrimination. Accordingly, plaintiffs have failed to state a conspiracy claim under either §§ 1983 or 1985(3).

The complaint also references 42 U.S.C. §§ 1986 and 1988. To the extent plaintiffs attempt to bring claims under these sections, they must also be dismissed. Absent a valid claim for relief under section 1985, there is no cause of action under § 1986. *Trerice v Pedersen*, 769 F.2d 1398, 1403 (9th Cir. 1985). Thus, any claim brought under section 1986 would fail because plaintiff has not adequately alleged a claim under 42 U.S.C. § 1985. Section 1988 does not create an independent cause of action. It is a provision allowing for the award of reasonable attorney's and expert fees to the prevailing party in suits brought under certain causes of action created by other statutes; it does not itself create substantive rights, but merely defines procedures. *Schroder v. Volcker*, 864 F.2d 97, 99 (1988); 42 U.S.C. § 1988(b), (c). Because § 1988 does not provide any independent cause of action, any claim brought under this section must also be dismissed.

Based on the foregoing, plaintiffs' complaint will be dismissed. However, plaintiffs are granted leave to file an amended complaint, if they are able to allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiffs choose to file an amended complaint, the amended complaint shall clearly set forth the allegations against defendant and shall specify a basis for this court's subject matter jurisdiction. Moreover, merely alleging that a defendant deprived plaintiff of a federally protected right will not meet the standards under *Twombly*. *See* 550 U.S. at 562-563. The complaint must set forth facts, which if true, establish such a deprivation. Any amended complaint shall plead plaintiffs' claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances," as required by Federal Rule of Civil Procedure 10(b), and shall be in double-spaced text on paper that bears line numbers in the left margin, as required by Eastern District of California Local Rules 130(b) and 130(c). Any amended complaint shall also use clear headings to delineate

/////

7

each claim alleged and against which defendant or defendants the claim is alleged, as required by Rule 10(b), and must plead clear facts that support each claim under each header.

Additionally, plaintiffs are informed that the court cannot refer to prior pleadings in order to make an amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself.  This is because, as a general rule, an amended complaint supersedes the original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case.  Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  Finally, the court cautions plaintiffs that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in a recommendation that this action be dismissed.  *See* Local Rule 110.

Accordingly, IT IS ORDERED that:

1. Plaintiffs' request for leave to proceed *in forma pauperis*, ECF No. 2, is granted.

2. Plaintiffs' complaint is dismissed with leave to amend, as provided herein.

3. Plaintiffs are granted thirty days from the date of service of this order to file an amended complaint.  The amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint."  Failure to timely file an amended complaint in accordance with this order will result in a recommendation this action be dismissed.

DATED: April 8, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE